**Kersh Wayne EARL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–12–00020–CR.**

Court of Appeals of Texas, Texarkana.

Submitted: Feb. 27, 2012.

Decided: Feb. 28, 2012.

Rehearing Overruled March 13, 2012.

Discretionary Review Refused June 13, 2012.

James P. Finstrom, Jefferson, for appellant.

William Gleason, Marion County & Dist. Atty., Jefferson, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

One evening in early 2011, Kersh Wayne Earl was driving on Highway 729 in Marion County and, to get onto FM 1969, turned left. Texas State Trooper Louis Weems was just behind Earl and noticed that, as Earl made the turn, he "cut the corner." Weems stopped Earl and discovered that he was intoxicated. Earl appeals his resulting conviction for driving while intoxicated (DWI)[1] by arguing that his inebriation was discovered by virtue of a traffic stop that was illegal; Earl claims, in other words, that Weems did not have reasonable suspicion that Earl's left turn was illegal. We disagree.

When making a left turn at an intersection, Texas drivers must do certain things:

(1) approach the intersection in the extreme left-hand lane lawfully available to a vehicle moving in the direction of the vehicle; and

(2) after entering the intersection, turn left, leaving the intersection so as to arrive in a lane lawfully available to traffic moving in the direction of the vehicle on the roadway being entered.

Tex. Transp. Code Ann. § 545.101(b)(1), (2) (West 2011) (titled "turning at an intersection").

Weems' testimony indicated that he pulled Earl over because Earl "cut corner,

left turn." Weems explained further, "He failed to make the left turn properly, crossed over the stop line, drove on the wrong side of the road which he did not enter that roadway lawfully which constituted cut corner, left turn." Earl contends that Weems' suspicion that he committed a traffic violation was not reasonable. The question framed for our decision is whether the trial court erred in overruling Earl's motion to suppress.

We review a trial court's decision on a motion to suppress evidence by applying a bifurcated standard of review. *Graves v. State*, 307 S.W.3d 483, 489 (Tex.App.-Texarkana 2010, pet. ref'd); *Rogers v. State*, 291 S.W.3d 148, 151 (Tex.App.-Texarkana 2009, pet. ref'd). While we defer to the trial court on its determination of historical facts and credibility, we review de novo its application of the law and determination on questions not turning on credibility. *Carmouche v. State*, 10 S.W.3d 323, 332 (Tex.Crim.App.2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997); *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996); *Graves*, 307 S.W.3d at 489. We also afford deference to a trial court's "application of law to fact questions," if the resolution of those questions turns on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89.

■■■ To initiate an investigative stop, an officer must possess a reasonable suspicion[2] based on specific, articulable facts that, in light of the officer's experience and

---

1. Earl was charged by information with DWI, a class A misdemeanor. After the trial court denied Earl's motion to suppress, he pled guilty, was sentenced to sixty days in jail probated for twelve months, and was assessed a $500.00 fine.

2. Because even a routine traffic stop implicates the United States and Texas Constitutions, the traffic stop must be reasonable. *Berkemer v. McCarty*, 468 U.S. 420, 436–37,

104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); *Francis v. State*, 922 S.W.2d 176, 178 (Tex.Crim. App.1996); *see* U.S. Const. amend. IV; Tex Const. art. I, § 9. But, law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

general knowledge, would lead the officer to conclude reasonably that the person detained actually is, has been, or soon will be engaged in criminal activity. *United States v. Sokolow,* 490 U.S. 1, 10, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989); *Garcia v. State,* 43 S.W.3d 527, 530 (Tex.Crim.App. 2001). These facts must be more than a mere hunch or suspicion. *Davis v. State,* 947 S.W.2d 240, 244 (Tex.Crim.App.1997). "If an officer has reasonable basis for suspecting that a person has committed a traffic offense, the officer may legally initiate a traffic stop." *Zervos v. State,* 15 S.W.3d 146, 151 (Tex.App.-Texarkana 2000, pet. ref'd); *Graves,* 307 S.W.3d at 489.

Weems testified that, by cutting the corner, Earl was not "entering the roadway lawfully" because, as he entered the new roadway, he was "driving on the wrong side of the road." Weems stopped Earl's vehicle for "cut corner, left turn," explaining that he was referring to a violation of the above-quoted statute. That statute requires that a driver making a left turn must exit the intersection "so as to arrive in a lane lawfully available to traffic moving in" the driver's new direction. TEX. TRANSP. CODE ANN. § 545.101(b)(2). Weems' testimony is that Earl did not initially exit the intersection within the lane designated for traffic going in his direction. Therefore, Weems had a reasonable basis for suspecting that Earl had committed a traffic offense.

The judgment is affirmed.