

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00109-CR

MARLO DONTA PERSONS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 29371

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Marlo Donta Persons was convicted by a Hunt County jury of possession of a controlled substance, cocaine, in an amount of 400 grams or more while using or exhibiting a deadly weapon and was sentenced to fifty-five years in prison.  On appeal, Persons claims that the trial court erred in refusing his request to instruct the jury under Article 38.23(a)[1] of the Texas Code of Criminal Procedure.  We find no error by the trial court and affirm its judgment.

I.      Background

Persons was a passenger in an automobile driven by Brian Woodard[2] that was stopped by Texas Department of Public Safety Trooper Zane Rhone on Interstate Highway 30[3] (I-30) near Greenville, Texas.  Rhone's testimony involved occurrences in the mid-afternoon of May 11, 2013.  At that time, Rhone was seated in his stopped patrol car on the eastbound side of I-30 when he was passed by two "showroom clean" automobiles bearing out-of-state license plates.[4]  Rhone followed

---

[1]Article 38.23(a) provides,

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005).

[2]This automobile will be referred to as "the Persons Vehicle."

[3]Rhone identified Interstate Highway 30 as "a major drug corridor."

[4]Rhone explained that people involved in drug trafficking will habitually wash their automobiles in an attempt to prevent alerts by drug-sniffing dogs.

the automobiles in order to check the numbers on their license plates to determine if such a search would reveal something amiss with the automobiles. As Rhone approached the automobiles, the Persons Vehicle moved from the left lane to the right lane, behind the other vehicle of interest. Rhone noticed that the Persons Vehicle was following the lead vehicle at an unsafe distance, and Rhone slowed down to pull behind the Persons Vehicle. Rhone testified that after he had pulled over into the lane behind the Persons Vehicle, he observed that the license plate on the Persons Vehicle was also partially obstructed by a bracket or license plate frame. Since following another automobile at an unsafe distance[5] and driving with an obscured license plate[6] are both violations of the Texas Transportation Code, Rhone initiated a traffic stop of the Persons Vehicle. After an initial interview with the driver, Rhone obtained the driver's consent to search the vehicle.[7] During his search, Rhone found a loaded gun in the glove box and a kilo-sized brick of what was later determined to be cocaine in the engine compartment. The State also introduced a redacted video recording of the events leading up to and including the traffic stop taken from Rhone's dash-mounted camera, which was published to the jury.

During cross-examination, Rhone testified that the driver of the Persons Vehicle violated the Texas Transportation Code by operating an automobile with an obscured license plate (one in which the name of the issuing State is more than fifty percent obscured). He said that most of the name of the issuing state (Ohio) on the license plate was covered by the bracket. Mack Woodard,

---

[5]*See* TEX. TRANSP. CODE ANN. § 545.062(a) (West 2011).

[6]*See* TEX. TRANSP. CODE ANN. § 504.945(a)(7)(B) (West Supp. 2014).

[7]Persons does not challenge the consensual nature of the search.

3

the owner of the Persons Vehicle, testified that the automobile dealership that sold him the vehicle had placed the bracket on the license plate and that even with the license plate bracket in place, he was able to see more than fifty percent of the state name Ohio on the license plate. Through Woodard, Persons also introduced photographs of the license plate and bracket on the Persons Vehicle taken from different angles, some of which tended to show that more than fifty percent of the state name Ohio might be visible from those angles. When Persons recalled Rhone, he again questioned him extensively about his ability to see the state name on the license plate. Rhone repeated his assertion that when he pulled his patrol car behind the Persons Vehicle, he could not read Ohio on the license plate. Rhone also testified that the recording shows that the Persons Vehicle was following the car in front of it too closely and that the jury would be able to see that on the video recording. Persons did not call any witness to dispute Rhone's testimony that the Persons Vehicle was following the lead vehicle at an unsafe distance.

At the charge conference, although Persons requested the inclusion of an Article 38.23(a) instruction permitting the jury to disregard evidence if it believed that the evidence had been wrongfully obtained, the trial court rejected that instruction

## II.     Persons Was Not Entitled to an Article 38.23(a) Instruction

Persons' sole point of error on appeal is his contention that the trial court erred in failing to give an Article 38.23(a) instruction. Both the United States and Texas Constitutions are implicated by a routine traffic stop, and under both, the stop must be reasonable. *Berkemer v. McCarty*, 468 U.S. 420 (1984); *Earl v. State*, 362 S.W.3d 801, 802 n.2 (Tex. App.—Texarkana 2012, pet. ref'd); *see* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. To conduct a constitutionally

valid traffic stop, an officer must have a reasonable suspicion based on "'specific[,] articulable facts that, when combined with rational inferences from those facts, would lead [the officer] to reasonably suspect that [the person stopped] has engaged or is (or soon will be) engaging in criminal activity.'" *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012) (quoting *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011)); *Zervos v. State*, 15 S.W.3d 146, 151 (Tex. App.—Texarkana 2000, pet. ref'd). Since the reasonable suspicion standard is an objective standard, the subjective intent of the officer making the stop is irrelevant. *Hamal*, 390 S.W.3d at 306; *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011). "If an officer has a *reasonable basis* for suspecting that a person has committed a traffic offense, the officer may legally initiate a traffic stop." *Zervos*, 15 S.W.3d at 151 (emphasis in original); *Graves v. State*, 307 S.W.3d 483, 489 (Tex. App.—Texarkana 2010, pet. ref'd).

If a fact issue has been raised about whether the traffic stop violated the Constitution or laws of either the United States or Texas, the trial court should submit a jury instruction to disregard evidence the jury finds was obtained in violation the Constitution or laws of the United States or Texas. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a); *Hamal*, 390 S.W.3d at 306. However, an Article 38.23(a) instruction is "mandatory only when there is a factual dispute regarding the legality of the search." *Williams v. State*, 356 S.W.3d 508, 525 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *Pickens v. State*, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005)). To be entitled to an instruction under Article 38.23(a), the following factors must be shown to exist:

(1)     The evidence heard by the jury must raise an issue of fact;

(2)     The evidence on that fact must be affirmatively contested; and

(3)     That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.

*Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007); *Williams*, 356 S.W.3d at 526. However, if there are facts not in dispute that are sufficient to support the legality of the challenged conduct, "the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence." *Madden*, 242 S.W.3d at 510. Thus, when an officer articulates more than one reason for a traffic stop, the defendant must show that there is a disputed factual issue as to each reason to be entitled to an Article 38.23(a) instruction. *See, e.g.*, *Gerron v. State*, 119 S.W.3d 371, 376–77 (Tex. App.—Waco 2003, no pet.) (when officer testified he saw defendant commit at least three traffic violations but defendant only disputed one, defendant not entitled to Article 38.23(a) jury instruction); *Reynosa v. State*, 996 S.W.2d 238, 240 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (same).

Persons argues that there is a factual dispute as to both the obstructed license plate and following at an unsafe distance. Regarding the issue of following at an unsafe distance, Persons argues that when he played the video recording during his cross-examination of Rhone, this fact alone was a sufficient challenge to that fact so as to raise a fact issue. In other words, Persons maintains that because the jury was able to see the recording, which showed the position of the two automobiles, the jury was able to determine whether Rhone's testimony was correct. This, Persons posits, provided the basis for the requested jury instruction. In *Madden*, the appellant also contended that the video recording from the officer's dash-mounted camera (a recording that

6

Madden claimed contradicted the officer's testimony that Madden was acting in a nervous manner) was "affirmative evidence" that raised a fact issue. *Madden*, 242 S.W.3d at 515–16. The Texas Court of Criminal Appeals pointed out that "[o]nly if the video clearly showed that appellant affirmatively did not do something that [the officer] said that he did do, and the video clearly would have shown that conduct if it had occurred, would there be some affirmative evidence of a disputed historical fact." *Id.* at 516. At the trial below, Rhone testified that the two vehicles were travelling at a speed of seventy miles per hour and that a safe following distance at that speed would be at least 150 feet. He also testified that the Persons Vehicle was following the lead vehicle at a distance of thirty to forty feet. The trial court found that the video recording confirmed Rhone's trial testimony that he stopped the Persons Vehicle for following the vehicle in front of it too closely.

We have viewed the video recording and have listened to its audio. It shows the Persons vehicle following at a distance significantly less than 150 feet; the recording reflects that Rhone stated, as he activated his emergency lights, his intention to perform a traffic stop for following too closely and due to an obstructed license plate. We agree with the trial court that the video recording supports Rhone's trial testimony and that it raises no contested fact issue.

Since Rhone's stop of the Persons Vehicle for following at an unsafe distance is not in dispute and since this would support the legality of the traffic stop, Persons was not entitled to an Article 38.23(a) instruction. We find that the trial court did not err, and we overrule Persons' point of error.

7

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted:   May 27, 2015
Date Decided:    June 2, 2015

Do Not Publish

8