**813-15**

ORIGINAL

No. 06-14-00109-CR
PD-0813-15

In The Court of criminal Appeals of Texas

Austin, Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 02 2015

Abel Acosta, Clerk

MARLO DONTA PERSONS,

APPELLANT

v.

THE STATE OF TEXAS

APPELLEE

On appeal from the 354th Judicial District Court of Hunt County, Texas Cause No. 2937,1

Honorable Richard A. Beacom, Judge Presiding

APPELLANT"S

PETITION FOR DISCRETITIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

OCT 02 2015

Abel Acosta, Clerk

Marlo Persons #1939454
Eastham Unit
2665 Prison Rd #1
Lovelady, Texas 75851
                    Pro Se

# TABLE OF CONTENTS

Table of Contents.................................................#2 Page

Identy of Parties and counsel....................................#3

Index of Authorities.............................................#4

Statement Regarding Oral Argument................................#5

Statement of the case............................................#5

Statement of Procedural History..................................#5

Grounds for Review...............................................#6-7-8-9

Question for Review..............................................#6-7-8-9

Appendix.........................................................———

The Court of Appeals decision is in conflict with this courts decision in Madden V. State, 242 S.W. 3d 504 (Tex. Crim App 2007) Mills V. State, 296 S.W. 3d 843 (Texas App. Austin 2009.

## Ground Two

The court of Appeals decision is in conflict with the Texas Rules of Appellate Procedure 66.3 because it Resolves an issue not briefed by either party.

## IDENTITIES OF PARTIES AND COUNSEL

Appellant:

Marlo Donta Persons

Defense Counsel at Trial:

Mr. Daniel J. O'Brien
131 North Ludlow st.
Talbott Tower, Suite 1210
Dayton, OH 45402

Mr. scott A. Cornuaud
2611 Lee St.
Greenville, Tx 75401

Appellant's Attorney on Appeal:

Mr. Elisha M. Hollis
2608 Stonewall St.
P.O. Box 1535
Greenville, Tx 75403

Appellee's Attorney on Appeal:

Keli M. Aiken
First Assistant District
Attorney
P.O. Box 441
4th Floor Hunt County
Courthouse
Greenville, Tx 75403

Trial Judge

Hon.. Richard A. Beacom
354th Judicial District Court
2507 Lee St. 3rd Floor
Greenville, Tx 75401

# INDEX OF AUTHORITIES

State case's

Atkinson V. State, 923 S.W. 2d 21 (Tex. Crim. App. 1996)

Madden V. State, 242 S.W., 3d 504 (Tex. Crim. App. 2007)     Page 6-7
                                                              Page 8
Mendoza V. State, 88 S.W. 3d 236 (Tex. Crim. App. 2002)       Page 2-6

Mills V. State, 296 S.W. 3d 843 (Tex. App. Austin 2009)


STATE STATUTES:

Tex. Code crim.pro.ann.art. 38.23 (a)                         Page 6-7-8

Tex.Trans.Code Ann.Art.545.062                                Page 7-8

## STATEMENT REQUESTING ORAL ARGUMENTS

Mr. Persons Respectfully request oral argument's. He presents an important issue which this court may have never dealt with in the past. Oral arguments will benefit the court by careful explanation of the contours and history of Mr. Persons claim and to the facts of Mr. Persons Direct Appeal. The Court's decision may possibly set a precedent which may affect every future state Court of Appeals review in a situation of this nature.

---

## STATEMENT OF THE CASE

This is an appeal from the judgement and sentence in a criminal case in the 354th District Court in Hunt County, Texas. The Appellant was indicted on October 25, 2013 For Possession of cocaine in an amount of 400 grams or more. further, the grand jury found that Appellant had used or exhibited a deadly weapon during the commission of the offense. After entering a plea of Not Guilty, Appellant elected to be tried and sentenced by a jury. On June 5, 2014 the jury found Appellant guilty and assessed punishment at fifty-five (55) years in the Texas Department of Criminal Justice—Institutional Division Appellant filed a notice of appeal on June 18, 2014.

---

## STATEMENT OF PROCEDURAL HISTORY

The sixth District Court of apeals rendered its decision affirming the conviction and delivered its written opinion on June 2, 2015 a motion for rehearing was filed on June 17, 2015 and was OVER RULED on June 30, 2015.

## GROUNDS FOR REVIEW

### GROUND ONE

Where the distance between the vehicle petitioner was traveling in and the vehicle his vehicle was behind was a measurable distance in dispute which the trier of fact could resolve by viewing the police dash cam video, and where trial counsel requested that the jury charge include an instruction pursuant to Penal Code 38.23(A), did the trial court and the Court of Appeals invade the jury's province by resolving the dispute in justifying the denial of the instruction?

### REASON FOR GRANTING REVIEW

The Court of Appeals' decision is in conflict with this Court's decisions in Madden v. State, 292 S.W. 3d 504 (Tex.Crim.App. 2007) and Mills v. State, 296 S.W. 3d 843 (Tex.App-Austin 2009).

### ARGUMENT AND AUTHORITIES

The Trooper testified that one of the reasons he performed a traffic stop of the vehicle petitioner was traveling in was because he observed petitioner's vehicle to close behind another vehicle. (RR Vol. 7, 45:8-10). The Trooper claimed the distance was less than 150 feet and in violation of the Transportation Code. (RR Vol. 7, 46: 19-47:11). Petitioner's trial counsel raised the issue of a dispute relevant to the actual distance of the car petitioner was in and the car in front of him. Trial counsel said that an instruction under Penal Code 38.23 should be included in the jury charge because the measurable distance being disputed could be resolved with the jury's viewing of the Trooper's dash cam video of the cars. The trial court

6.

ruled that the video was not sufficient to resolve the proposed-dispute and denied the instruction (RRVol. 9, 41:19-24). On appeal, the court of appeals held that both the trial court and the court of appeals had their selves viewed the video and decided that the distance testified to by the trooper, was supported by the dash cam.video. It is petitioner's contention that neither the trial court nor the court of appeals were authorized under 38.23 to resolve the dispute of the measurable distance and that it was the sole Province of the trier of Fact, the Jury to resolve the dispute.

According to the following Distance statue sec. (545.062) it does not use or state a measurable distance at all, it makes no reference to the 150 feet The trooper testified to during trial on direct and cross-exam RR Vol 7/34-186—RR Vol 8/58-81. The trooper also testified that threw his training, his opinion is that we were following to close. RR7/121

And when such a stop is not based on objective criteria, the risk of arbitrary and abusive, police practies exceeds torelable limits. Allowing a police officer's opinion to suffice in specific facts' stead eviscerates Terry's reasonable suspicion protection. Mere opinions are ineffective substitutes for specific, articulable fact's in a reasonable-suspicion analysis Futhermore, the officer's "following too close" conclusion did not constitute specific articulable facts to support a stop. And cross-examination did reveal that the officer's definition of "Following too close" was not in fact a description of conduct proscribed by the statue in question! There fore the Jury was left with a testimony from the officer that in fact was false, misleading and Perjured. The code of Criminal Procedure Article 38.23 state in pertinet part that : "In any case where the legal evidence raises an issue hereunder, the Jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the Provisions of this Article, Then and in such event, the Jury shall disregard any such

7.

evidense so obtained" Tex. Code Crim. Proc. Ann. Art. 38.23 (a) The terms of Art. 38.23 (a) are, mandatory in nature and grant a statutory right to the defendant. Mendoza V. State, 88 S.W. 3d 236, 239 (Tex.Crim. App. 2002) But for this right to attach to a defendants case, there must be a factual dispute regarding the legality of the seizure or other act causing evidence to be obtained illega;;y. See Madden, 242 S.W. 3d at 513-14 a cross-examiner's question do not create a conflict in the evidence, although the witness's answers to those question might") See also Mill v. State, 296, S.W. 3d 843 (Tex. App. Austin 2009) when such event exists, the Judge must include in his final charge a 38.23 (a) instruction

The trial court's improper refusal to grant the Appellant's request for an Art. 38.23 (a) Instruction is Reversible error.

Sec. 545.062 Following Distance

(a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

(b) An operator of a truck or of a motor vehicle drawing another vehicle who is on a roadway outside a business or residential district and who is following another truck or motor vehicle drawing another vehicle shall, if conditions permit, leave sufficient space between the vehicle so that a vehicle passing the operator can safely enter and occupy the space. This subsection does not Prohibit a truck or motor vehicle drawing another vehicle from passing another vehicle.

(c) An operator on a roadway outside a business or residential district driving in a caravan of other vehicles or motorcade shall allow sufficient space between the operator and the vehicle preceding the operator so that another vehicle can safely enter and occupy the space. This subsection does not apply to a funeral procession.

8.

## GROUNDS FOR REVIEW

### GROUND TWO

Did the Court of Appeals err when it decided an issue that was neither argued by defense counsel or the State in the Appeal briefs?

### REASON FOR GRANTING REVIEW

The Court of Appeals' decision is in conflict with the Texas Rules of Appellate Procedure because it resolves an issue not briefed by either party.

### ARGUMENTS AND AUTHORITIES

The issue raised on appeal by appellate counsel was that the trial court ruled that the police dash cam video of the traffic stop was not sufficient to raise a dispute concerning measurable distances between Petitioner's vehicle and the vehicle he was accused of tailing to closely. The Court of Appeals veered from that claim essentially deciding a different issue of whether the video showed whether Petitioner's vehicle was too closely tailing the vehicle ahead of his. This review decided an issue that was never raised or briefed by either party and denied Petitioner a fair review of his appellate claims that were raised by his attorney and opposed by the State.

Due to the Court of Appeals not responding to the specific allegations, as raised in his appellant's brief, the Court made an erroneous legal conclusion relevant to the correct claims made by the Petitioner's appellate counsel and opposed by the State.

9.

## Prayer For Relief

Where fore, Premises considered, Marlo Donta Persons, respectfully asks the Court to grant this petition and in regard to Ground number one, The proper remedy is to remand for a new trial. There fore, the appellant respectfully asks the Court to remand Ground number two The Proper Remedy is the same as number one remand for a new trial which the appelate respectfully pray for.

The appelant also asks that this Honorable Texas Court of criminals Appeals make a findings of Fact and Conclusion of Law concerning both Grounds #1 and Ground #2.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _2 2_ day of _Sept_ 2015 The following have been completed:

(1) the original copy of the above and fore going petition and supporting brief have been mailed by U.S. mail to the clerk of the court of Criminal Appeals in Austin, Texas for filing and handling in that court pursuant to Tex.R. App.P 9.2 of the Texas rules of Appellate procedure.

(2) alegible copy of said petition has been mailed by U.S. mail To KELI M. AIKEN Fist Assistant District Attorney P.O. Box 441 4th Floor Hunt County Courthouse Greenville, Texas 75403.

MARLODONTAPERSONS
Marlo Donta Persons
Marlo Donta Persons
Marlo Persons

## APPENDIX

Opinion of the Court of Appeals, June 2, 2015


Judgement of Court of Appeals, June 2, 2015


Motion For Rehearing was over ruled    June 30, 2015



CHIEF JUSTICE
JOSH R. MORRISS, III

JUSTICES
BAILEY C. MOSELEY
RALPH K. BURGESS

# Court of Appeals
## Sixth Appellate District
## State of Texas

CLERK
DEBRA K. AUTREY

BI-STATE JUSTICE BUILDING
100 NORTH STATE LINE AVENUE #20
TEXARKANA, TEXAS 75501
(903) 798-3046

June 2, 2015

Keli M. Aiken
Assistant District Attorney
P O Box 441
4th Floor, Hunt County Courthouse
Greenville, TX 75401
* DELIVERED VIA E-MAIL *

Elisha Hollis
The Law Office of Elisha Hollis
2608 Stonewall Street
Greenville, TX 75401
* DELIVERED VIA E-MAIL *

Noble D. Walker Jr.
Hunt County District Attorney
Hunt County Courthouse
P O Box 441
Greenville, TX 75403-0441
* DELIVERED VIA E-MAIL *

**RE:**  Appellate Case Number:  06-14-00109-CR
Trial Court Case Number:  29371

**Style:**  Marlo Donta Persons
v.
The State of Texas

The Judgment of the Trial Court in the referenced proceeding on appeal from Hunt County was this date **AFFIRMED**, in conformity with the written Opinion of this Court of even date.

A true copy of this Court's Opinion and Judgment is enclosed.

Respectfully submitted,

Debra K. Autrey, Clerk

By _____
Deputy

cc:  Hon. Richard A. Beacom Jr. (DELIVERED VIA E-MAIL)
Ms. Stacey Landrum (DELIVERED VIA E-MAIL)



# Court of Appeals
# Sixth Appellate District of Texas

## J U D G M E N T

Marlo Donta Persons, Appellant

No. 06-14-00109-CR    v.

The State of Texas, Appellee

Appeal from the 354th District Court of Hunt County, Texas (Tr. Ct. No. 29371). Memorandum Opinion delivered by Justice Moseley, Chief Justice Morriss and Justice Burgess participating.

As stated in the Court's opinion of this date, we find no error in the judgment of the court below. We affirm the judgment of the trial court.

We note that the appellant, Marlo Donta Persons, has adequately indicated his inability to pay costs of appeal. Therefore, we waive payment of costs.

RENDERED JUNE 2, 2015
BY ORDER OF THE COURT
JOSH R. MORRISS, III
CHIEF JUSTICE

ATTEST:
Debra K. Autrey, Clerk



CHIEF JUSTICE
JOSH R. MORRISS, III

JUSTICES
BAILEY C. MOSELEY
RALPH K. BURGESS

# Court of Appeals
## Sixth Appellate District
### State of Texas

CLERK
DEBRA K. AUTREY

BI-STATE JUSTICE BUILDING
100 NORTH STATE LINE AVENUE #20
TEXARKANA, TEXAS 75501
(903) 798-3046

June 30, 2015

Tara Long
Long Law Firm, PLLC
2656 S Loop W., Suite 255
Houston, TX 77054-5632
* DELIVERED VIA E-MAIL *

**RE:** Appellate Case Number: 06-14-00109-CR
Trial Court Case Number: 29371

**Style:** Marlo Donta Persons
v.
The State of Texas

The Court entered its order this date in the referenced proceeding whereby Appellant's Motion for Rehearing was **OVERRULED**.

PLEASE TAKE DUE NOTICE HEREOF.

Respectfully submitted,

Debra K. Autrey, Clerk

By _____
Deputy

cc: Keli M. Aiken (DELIVERED VIA E-MAIL)
Noble D. Walker Jr. (DELIVERED VIA E-MAIL)



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-14-00109-CR

---

MARLO DONTA PERSONS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 29371

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Marlo Donta Persons was convicted by a Hunt County jury of possession of a controlled substance, cocaine, in an amount of 400 grams or more while using or exhibiting a deadly weapon and was sentenced to fifty-five years in prison. On appeal, Persons claims that the trial court erred in refusing his request to instruct the jury under Article 38.23(a)[1] of the Texas Code of Criminal Procedure. We find no error by the trial court and affirm its judgment.

## I.     Background

Persons was a passenger in an automobile driven by Brian Woodard[2] that was stopped by Texas Department of Public Safety Trooper Zane Rhone on Interstate Highway 30[3] (I-30) near Greenville, Texas. Rhone's testimony involved occurrences in the mid-afternoon of May 11, 2013. At that time, Rhone was seated in his stopped patrol car on the eastbound side of I-30 when he was passed by two "showroom clean" automobiles bearing out-of-state license plates.[4] Rhone followed

---

[1] Article 38.23(a) provides,

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005).

[2] This automobile will be referred to as "the Persons Vehicle."

[3] Rhone identified Interstate Highway 30 as "a major drug corridor."

[4] Rhone explained that people involved in drug trafficking will habitually wash their automobiles in an attempt to prevent alerts by drug-sniffing dogs.

2

the automobiles in order to check the numbers on their license plates to determine if such a search would reveal something amiss with the automobiles. As Rhone approached the automobiles, the Persons Vehicle moved from the left lane to the right lane, behind the other vehicle of interest. Rhone noticed that the Persons Vehicle was following the lead vehicle at an unsafe distance, and Rhone slowed down to pull behind the Persons Vehicle. Rhone testified that after he had pulled over into the lane behind the Persons Vehicle, he observed that the license plate on the Persons Vehicle was also partially obstructed by a bracket or license plate frame. Since following another automobile at an unsafe distance[5] and driving with an obscured license plate[6] are both violations of the Texas Transportation Code, Rhone initiated a traffic stop of the Persons Vehicle. After an initial interview with the driver, Rhone obtained the driver's consent to search the vehicle.[7] During his search, Rhone found a loaded gun in the glove box and a kilo-sized brick of what was later determined to be cocaine in the engine compartment. The State also introduced a redacted video recording of the events leading up to and including the traffic stop taken from Rhone's dash-mounted camera, which was published to the jury.

During cross-examination, Rhone testified that the driver of the Persons Vehicle violated the Texas Transportation Code by operating an automobile with an obscured license plate (one in which the name of the issuing State is more than fifty percent obscured). He said that most of the name of the issuing state (Ohio) on the license plate was covered by the bracket. Mack Woodard,

---

[5]*See* TEX. TRANSP. CODE ANN. § 545.062(a) (West 2011).

[6]*See* TEX. TRANSP. CODE ANN. § 504.945(a)(7)(B) (West Supp. 2014).

[7]Persons does not challenge the consensual nature of the search.

3

the owner of the Persons Vehicle, testified that the automobile dealership that sold him the vehicle had placed the bracket on the license plate and that even with the license plate bracket in place, he was able to see more than fifty percent of the state name Ohio on the license plate. Through Woodard, Persons also introduced photographs of the license plate and bracket on the Persons Vehicle taken from different angles, some of which tended to show that more than fifty percent of the state name Ohio might be visible from those angles. When Persons recalled Rhone, he again questioned him extensively about his ability to see the state name on the license plate. Rhone repeated his assertion that when he pulled his patrol car behind the Persons Vehicle, he could not read Ohio on the license plate. Rhone also testified that the recording shows that the Persons Vehicle was following the car in front of it too closely and that the jury would be able to see that on the video recording. Persons did not call any witness to dispute Rhone's testimony that the Persons Vehicle was following the lead vehicle at an unsafe distance.

At the charge conference, although Persons requested the inclusion of an Article 38.23(a) instruction permitting the jury to disregard evidence if it believed that the evidence had been wrongfully obtained, the trial court rejected that instruction

## II.     Persons Was Not Entitled to an Article 38.23(a) Instruction

Persons' sole point of error on appeal is his contention that the trial court erred in failing to give an Article 38.23(a) instruction. Both the United States and Texas Constitutions are implicated by a routine traffic stop, and under both, the stop must be reasonable. *Berkemer v. McCarty*, 468 U.S. 420 (1984); *Earl v. State*, 362 S.W.3d 801, 802 n.2 (Tex. App.—Texarkana 2012, pet. ref'd); *see* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. To conduct a constitutionally

4

valid traffic stop, an officer must have a reasonable suspicion based on "'specific[,] articulable facts that, when combined with rational inferences from those facts, would lead [the officer] to reasonably suspect that [the person stopped] has engaged or is (or soon will be) engaging in criminal activity.'" *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012) (quoting *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011)); *Zervos v. State*, 15 S.W.3d 146, 151 (Tex. App.—Texarkana 2000, pet. ref'd). Since the reasonable suspicion standard is an objective standard, the subjective intent of the officer making the stop is irrelevant. *Hamal*, 390 S.W.3d at 306; *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011). "If an officer has a *reasonable basis* for suspecting that a person has committed a traffic offense, the officer may legally initiate a traffic stop." *Zervos*, 15 S.W.3d at 151 (emphasis in original); *Graves v. State*, 307 S.W.3d 483, 489 (Tex. App.—Texarkana 2010, pet. ref'd).

If a fact issue has been raised about whether the traffic stop violated the Constitution or laws of either the United States or Texas, the trial court should submit a jury instruction to disregard evidence the jury finds was obtained in violation the Constitution or laws of the United States or Texas. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a); *Hamal*, 390 S.W.3d at 306. However, an Article 38.23(a) instruction is "mandatory only when there is a factual dispute regarding the legality of the search." *Williams v. State*, 356 S.W.3d 508, 525 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *Pickens v. State*, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005)). To be entitled to an instruction under Article 38.23(a), the following factors must be shown to exist:

(1)     The evidence heard by the jury must raise an issue of fact;

(2)     The evidence on that fact must be affirmatively contested; and

(3)     That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.

*Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007); *Williams*, 356 S.W.3d at 526. However, if there are facts not in dispute that are sufficient to support the legality of the challenged conduct, "the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence." *Madden*, 242 S.W.3d at 510. Thus, when an officer articulates more than one reason for a traffic stop, the defendant must show that there is a disputed factual issue as to each reason to be entitled to an Article 38.23(a) instruction. *See, e.g.*, *Gerron v. State*, 119 S.W.3d 371, 376–77 (Tex. App.—Waco 2003, no pet.) (when officer testified he saw defendant commit at least three traffic violations but defendant only disputed one, defendant not entitled to Article 38.23(a) jury instruction); *Reynosa v. State*, 996 S.W.2d 238, 240 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (same).

Persons argues that there is a factual dispute as to both the obstructed license plate and following at an unsafe distance. Regarding the issue of following at an unsafe distance, Persons argues that when he played the video recording during his cross-examination of Rhone, this fact alone was a sufficient challenge to that fact so as to raise a fact issue. In other words, Persons maintains that because the jury was able to see the recording, which showed the position of the two automobiles, the jury was able to determine whether Rhone's testimony was correct. This, Persons posits, provided the basis for the requested jury instruction. In *Madden*, the appellant also contended that the video recording from the officer's dash-mounted camera (a recording that

6

Madden claimed contradicted the officer's testimony that Madden was acting in a nervous manner) was "affirmative evidence" that raised a fact issue. *Madden*, 242 S.W.3d at 515–16. The Texas Court of Criminal Appeals pointed out that "[o]nly if the video clearly showed that appellant affirmatively did not do something that [the officer] said that he did do, and the video clearly would have shown that conduct if it had occurred, would there be some affirmative evidence of a disputed historical fact." *Id.* at 516. At the trial below, Rhone testified that the two vehicles were travelling at a speed of seventy miles per hour and that a safe following distance at that speed would be at least 150 feet. He also testified that the Persons Vehicle was following the lead vehicle at a distance of thirty to forty feet. The trial court found that the video recording confirmed Rhone's trial testimony that he stopped the Persons Vehicle for following the vehicle in front of it too closely.

We have viewed the video recording and have listened to its audio. It shows the Persons vehicle following at a distance significantly less than 150 feet; the recording reflects that Rhone stated, as he activated his emergency lights, his intention to perform a traffic stop for following too closely and due to an obstructed license plate. We agree with the trial court that the video recording supports Rhone's trial testimony and that it raises no contested fact issue.

Since Rhone's stop of the Persons Vehicle for following at an unsafe distance is not in dispute and since this would support the legality of the traffic stop, Persons was not entitled to an Article 38.23(a) instruction. We find that the trial court did not err, and we overrule Persons' point of error.

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted:     May 27, 2015
Date Decided:       June 2, 2015

Do Not Publish

8

#620 Persons 1939454
Eastham unit
2665 Prison RD. #2
Lovelady, TX 75851

D-26

CERTIFIED MAIL

7011 3500 0002 4014 1946

COURT OF CRIMINAL APPEALS
OF TEXAS
P.O. BOX 12308, CAPITOL STATION
Austin, Texas 78711

POSTAGE DUE 2.28

